IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Cr. No. C-92-1-1 (Ca. No. C-13-14) |
| ERIC HOLLAND | § § | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION WITHOUT PREJUDICE

Pending before the Court is Eric Holland's to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 19. Because this Court does not have jurisdiction over the motion, which should be brought pursuant to 28 U.S.C. § 2241, the Court dismisses the motion without prejudice to refiling.

Holland was sentenced in the Corpus Christi Division of the Southern District of Texas, on March 27, 1992, to 36 months in the Bureau of Prisons to be followed by 2 years supervised release. D.E. 8, 9. Holland timely appealed his sentence, but the appeal was dismissed. D.E. 18. Holland claims this sentence was to be served consecutively to a previous 37 month sentence imposed in another federal case.

Holland claims he escaped from federal custody in September 1995, but was arrested in March 1996 by the California Highway Patrol and was tried and convicted in state court in California. He was sentenced to 20 years imprisonment in California on charges unrelated to Holland's federal charges. Holland also had a 1997 federal charge for escape in California,

1

97-cr-2426. That federal charge was later dismissed with prejudice as evidenced by the Dismissal Order attached to Holland's motion. D.E. 19 at 25-26.

Holland complains of a parole violation detainer filed by the United States Marshal Service in Vacaville, California. Holland explains that he could not have violated parole because he has not been out of custody, other than during the period of his escape. He complains that this detainer will cause him to serve more time than he was sentenced to serve and seeks relief.

Holland's motion to vacate, correct or set aside his sentence filed in this cause cannot result in any appropriate relief for his complaints.

> A prisoner in custody under sentence of a court . . .claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Holland does not attack his 1992 sentence. Instead, he claims alternately that the parole violation alleged is without merit or that the BOP seeks to hold him longer than permitted by his federal sentence(s). It is also doubtful that Holland can be considered to "in custody" as defined by § 2255,[1] but even if he is, he does not seek relief that can be granted by § 2255.

---

[1] Holland is in state custody on a state conviction, not as a result of his federal crimes.

Because Holland complains of the calculation of his sentence on federal charges, the proper vehicle for raising such a challenge is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

A challenge the BOP's calculation of the term of a sentence pursuant to 28 U.S.C. § 2241, must be filed in the district where he is incarcerated. See Pack, 218 F.3d at 451. The return address on Holland's current motion reflects that he is incarcerated in Vacaville, California, which is located in the Eastern District of California, Sacramento Division. Thus, assuming he remains incarcerated in Vacaville, California, or nearby, Holland should file any § 2241 petition in that court, after first exhausting his administrative remedies.[2] Although his motion is dismissed, today's order does not adjudicate the merits of Holland's § 2241 complaints.

To the extent Holland contests the merits of the detainer, Holland will be taken into federal custody and brought before a United States Judge for those proceedings. See 18

---

[2] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335 (1992).

U.S.C. § 3607. He will be served with notice of the violation and further hearing will be scheduled.

For the foregoing reasons, Holland's motion (D.E. 19) is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED this 24th day of January 2013.

*Hayden Head*
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE